UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH JOYCE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AERLINE JERMIGH, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 24-40140-MRG |

ORDER
April 7, 2025

**GUZMAN, D.J.**

In this action, *pro se* plaintiff Joseph Joyce, who resides in Southbridge, Massachusetts, has filed a civil complaint in which he alleges that defendant Aerline Jermigh, whom Joyce identifies as a prisoner in Connecticut, and others are torturing him. He further claims that Southbridge Police are purposefully allowing the alleged torture to continue. Joyce has also filed a motion for leave to proceed *in forma pauperis* and several motions for protective relief. For the reasons set forth below, the Court will GRANT the motion to proceed *in forma pauperis* and order that this action be dismissed.

**I.     Motion for Leave to Proceed *in Forma Pauperis***

Upon review of Joyce's motion for leave to proceed *in forma pauperis*, the Court concludes that he eligible to proceed without prepayment of the $405 filing fee. Accordingly, the motion is GRANTED.

**II.    Review of the Complaint**

Because Joyce is proceeding *in forma pauperis*, his complaint is subject to a preliminary screening. Under federal law, the Court may dismiss the complaint of a plaintiff proceeding *in*

*forma pauperis* if the claims in the pleading lack an arguable basis in law or in fact. *See* 28 U.S.C. § 1915(e)(2) (providing for the dismissal of an *in forma pauperis* complaint that is "frivolous"[1]); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact," and that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). As Joyce is not represented by an attorney, the Court construes his complaint more liberally than a pleading drafted by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his complaint, Joyce alleges that "every day" Jermigh "com[es] out" of a prison in Niantic, Connecticut, and tortures, harasses, and electronically records him. Compl., ECF No. 1, at 1-2. Joyce further claims that Jermigh is "killing [his] body." *Id.* at 2. According to Joyce, Jermigh states over the loudspeaker that "she can get drugs," and that she is "enjoying [Joyce's] pain." *Id.* Joyce alleges that Jermigh has thrown one pin in his neck and three pins in his foot, "see[s] inside and outside the body naked," and has "access on all [Joyce's] body." *Id.* at 3.[2]

Joyce claims that the Southbridge Police are "involved [in] this crime," have told others that Joyce has "mental problems," and "do not allow others to [help] him." *Id.* at 4. Joyce asks that the Court "protect [his] body." *Id.*

In February and March 2025, Joyce filed three motions for protection, alleging that he continues to be tortured by Jermigh, that Jermigh "shares weapons with others," ECF No. 6 at 1,

---

[1] In this context, "frivolous" is used objectively. It does not call into question a litigant's subjective intent or the sincerity of the plaintiff's allegations.

[2] Joyce attached to his complaint a photo which Joyce presents as a photo of his neck. Joyce has circled some discoloration in the photo and states: "This pin Aerline Jermigh Ct. woman prisoner threw in my neck electronically. Horrible pain. Over 10 people torturing me. She is one of them. Please arrest her." ECF No. 1-1 (cleaned up).

and that "groups" are torturing Joyce in Jermigh's behalf, "destroying [his] whole buttocks inside and spinal cord," ECF No. 7 at 1.  Joyce asserts that one officer of the Southbridge Police uses "police microchips . . . for doing conversation with mind reading with all groups."  *Id.* at 3-4.  Joyce claims that Jermigh is "injecting blood inside [his] mouth."  *Id.* at 4.

According to Joyce, "Dudley District Court attorneys and psychiatric doctors do not help [him]," but rather "charge off with lies."  ECF No. 8 at 3.  Joyce represents that none of his four attorneys and four doctors help him.  *Id.* at 3-4.  Joyce claims that Southbridge Police filed complaints about him on several occasions only because he was asking for their help.  *Id.* at 4.  Joyce asserts that the Southbridge Police "do not allow [him] to get help, and are lying about him."  *Id.*

Considering these allegations and other similar ones set forth in Joyce's filings, the Court finds that Joyce's complaint lacks an arguable basis in law or in fact and therefore is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

### III.     Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.
2. This action is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i).
3. The motions for protective relief, ECF Nos. 6-8, are DENIED AS MOOT.

**So Ordered.**

                                              /s/ Margaret R. Guzman
                                            MARGARET R. GUZMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  April 7, 2025